627 N.E.2d 770 (1994)
255 Ill. App.3d 822
194 Ill.Dec. 433
In re J.A.S., a minor (The People of the State of Illinois, Petitioner-Appellee, v. Edith Mason, Respondent-Appellant).
No. 5-92-0015.
Appellate Court of Illinois, Fifth District.
January 27, 1994.
Christopher Heid, Norris City, for respondent-appellant.
Barry Vaughan, State's Atty., Fairfield, Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Scott A. Manuel, Staff Atty., Office of the State's Attys. Appellate Prosecutor, Mt. Vernon, for petitioner-appellee.
Justice CHAPMAN delivered the opinion of the court:
Edith Mason appeals from an order of the trial court finding her to be an unfit parent, terminating her parental rights, and granting the State the power to consent to adoption of the appellant's minor child, J.A.S. We affirm.
The parties first came before the court on September 10, 1987, when a petition for wardship was filed alleging that the minor, who was then seven years old, was not enrolled in school and that his home environment was injurious to his welfare. The appellant suffered from mental illness and was unable to properly care for the child. When the minor was first taken into custody, he was filthy and was living under deplorable conditions. The home was cluttered with broken glass, trash, and debris. Dirty dishes and spoiled food filled the kitchen, and there was human waste in the restroom, which had no running water. The record indicates that the child had never left the premises since birth. The foster parents report that when the child first came to them he was unable to communicate effectively. Further, the child was uneducated in the proper use of eating utensils and restrooms, and he was perplexed by motor vehicles and highways. The child was adjudicated neglected, and on March 3, 1988, he was placed in the custody and guardianship of the Department of Children and Family Services (DCFS).
On February 13, 1991, a supplemental petition was filed seeking to terminate parental rights with power to consent to adoption to be granted to the State. On December 3, 1991, a hearing was held, and the court found *771 the appellant to be an unfit parent, based upon the following statutory grounds:
(d) substantial neglect of the child if continuous or repeated;
* * * * * *
(m) failure by a parent to make reasonable efforts to correct the conditions which were the basis for the removal of the child from such parent, or to make reasonable progress toward the return of the child to such a parent within 12 months after an adjudication of neglected minor, abused minor or dependent minor under the Juvenile Court Act or the Juvenile Act of 1987; [and]
* * * * * *
(p) inability to discharge parental responsibilities supported by competent evidence from a psychiatrist or clinical psychologist of mental impairment, mental illness or mental retardation as defined in Section 1-116 of the Mental Health and Developmental Disabilities Code, or developmental disability as defined in Section 1-106 of that Code, and there is sufficient justification to believe that such an inability to discharge parental responsibilities shall extend beyond a reasonable period." Ill.Rev.Stat.1989, ch. 40, pars. 1501(D)(d), (m), (p).
On December 31, 1991, the dispositional order terminated Edith Mason's parental rights and granted DCFS the power to consent to adoption of the minor child.
In order to uphold a trial court's termination of parental rights, clear and convincing evidence of the parent's unfitness is required, but the trial court's findings will not be disturbed on appeal unless they are against the manifest weight of the evidence. (In re J.B. (1990), 198 Ill.App.3d 495, 144 Ill.Dec. 679, 555 N.E.2d 1198; In re M.L.R. (1989), 191 Ill.App.3d 607, 138 Ill.Dec. 837, 548 N.E.2d 67.) We believe that the trial court's decision, finding Edith Mason to be an "unfit person" as defined in the Adoption Act (Ill.Rev.Stat.1989, ch. 40, par. 1501(D)), is supported by the weight of the evidence, and we affirm the trial court.
We will first address the issue of whether the trial court erred in finding that the appellant was an unfit parent due to a mental illness that prevented her from discharging her parental duties for an unreasonable period of time, as set forth in paragraph 1(D)(p) of the Adoption Act.
This court has previously held that in order to find a parent unfit under this paragraph of the Act it must first be shown by competent evidence that the parent suffers from a mental inability sufficient to prevent her from discharging a parent's normal responsibilities, and there must also be sufficient evidence to conclude that the inability will extend beyond a reasonable time period. (In re J.B. (1990), 198 Ill.App.3d 495, 144 Ill.Dec. 679, 555 N.E.2d 1198; In re M.L.R. (1989), 191 Ill.App.3d 607, 138 Ill.Dec. 837, 548 N.E.2d 67.) We are satisfied that the State has established both aspects of the test by clear and convincing evidence.
Section 1(D)(p) of the Act requires "competent evidence from a psychiatrist or clinical psychologist of mental impairment" which supports a finding of an "inability to discharge parental responsibilities." (Ill.Rev. Stat.1987, ch. 40, par. 1501(D)(p).) The trial court's decision to terminate parental rights was supported by the testimony of Dr. Alexander James, a clinical psychologist who examined both Ms. Mason and the child. Dr. James' testimony indicates that the appellant suffers from a mental impairment which prohibits her from discharging her parental responsibilities. He testified that the respondent was diagnosed as chronic schizophrenic disorganized type. While it is true that the respondent's condition has been stabilized with antipsychotic medications, the uncontradicted testimony shows that she remains schizophrenic. More important, Dr. James testified that Ms. Mason's mental illness continues to debilitate her and to impair her functioning as a parent. He stated that the respondent lacks the ability to recognize the child's needs and respond appropriately. The psychologist concluded that Ms. Mason's inability to function as a parent could endanger the child if he was placed in her care.
With regard to the second part of the test, the language of the statute is broad and *772 requires only "sufficient justification" to support the trial court's findings that the impairment will extend beyond a reasonable period of time. (Ill.Rev.Stat.1985, ch. 40, par. 1501(D)(p); see also In re J.B. (1990), 198 Ill.App.3d 495, 144 Ill.Dec. 679, 555 N.E.2d 1198.) A medical prognosis need not be absolutely conclusive to satisfy the requirement of the statute (In re J.B. (1990), 198 Ill. App.3d 495, 144 Ill.Dec. 679, 555 N.E.2d 1198), and Dr. James' testimony provided sufficient justification to support the trial court's findings.
Dr. James testified that Ms. Mason's mental illness is chronic and that she would not benefit from parenting classes or family counselling. Dr. James concluded that the respondent would be incapable of assuming a parenting role within the foreseeable future. In light of the record, we find there is clear and convincing evidence of Edith Mason's unfitness due to mental impairment and that such impairment will extend beyond a reasonable time.
Because a finding of parental unfitness may be based on evidence sufficient to support any one statutory ground, even if the evidence is not sufficient to support other grounds alleged (In re D.L.W. (1992), 226 Ill.App.3d 805, 168 Ill.Dec. 570, 589 N.E.2d 970), we need not address the issue of whether the State met its burden of proving the other two statutory grounds alleged in the petition.
For the aforementioned reasons, we affirm the order of the circuit court of Wayne County terminating respondent's parental rights.
Affirmed.
WELCH and MAAG, JJ., concur.